# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON MOORE, | CASE NO. CV-F-07-1493 OWW DLB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | |
| MADERA POLICE DEPARTMENT, | |
| Defendant. | |

On October 12, 2007, plaintiff filed a complaint alleging civil rights violations pursuant to 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In his complaint, plaintiff alleges that "on the night of January 10 at 11:45 p.m." he was followed by a Madera Police Officer for several blocks before being pulled over. Plaintiff was asked to step out of the car and he was searched. Upon finding nothing, plaintiff alleges the officer began a

series of physical procedures that were not normal.  He alleges he was shot with a tazer gun and when he fell to the ground with his hands behind his back, he was shocked a second time.  He was then arrested and his vehicle towed.  Plaintiff states that he was charged with resisting arrest.  Plaintiff alleges the charges were dropped after he filed a complaint against the officer and the Sergeant reviewed the video of the incident.  Plaintiff seeks monetary damages against the Madera Police Department for violation of his rights under the Fourth Amendment.

At a minimum, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the act complained of was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  Paratt v. Taylor, 451 U.S. 527, 535 (1981).  To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).  Thus, the statute plainly requires that there be an actual causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Thus, the requisite causal connection can be established not only by some kind of direct personal participation, but also by setting in motion a series of acts by other which the actor knows or reasonably should know would cause others to inflict the constitutional injury.  Id.  This standard of causation "...closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. International Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability.  Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002).  Rather, a local government unit may only be held liable if it inflicts

the injury complained of.  <u>Gibson</u>, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." <u>Galen v. County of Los Angeles</u>, 477 F.3d 652, 667 (9th Cir. 2007); <u>City of Canton, Ohio, v. Harris</u>, 489 U.S. 378, 385 (1989).  Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee.  <u>Gibson</u> at 1186.  Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." <u>Id</u>.  Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." <u>Id</u>.

Because the only named defendant is the Madera Police Department, a local government unit and plaintiff has failed to allege that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered", plaintiff has failed to state a claim under §1983.  The court will, however, grant plaintiff the opportunity to amend the complaint.  Plaintiff is advised that the court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is further advised that failure to file an amended complaint consistent with this order may result in dismissal of the action.

Accordingly, the court HEREBY ORDERS as follows:

1.      Plaintiff's complaint, filed on October 12, 2007 is DISMISSED, with leave to amend;

2.      The clerk of the court is directed to forward to Plaintiff the form for a complaint under 42 U.S.C. § 1983;

3.      Within thirty days from the date of service of this order, Plaintiff shall file an original

1  and two copies of an amended complaint that complies with the requirements of the Civil Rights
2  Act, the Federal Rules of Civil Procedure, the Local Rules of Practice of this court, and this order;
3  and
4      4.      The amended complaint must bear the docket number assigned this case and must be
5  labeled "First Amended Complaint."

   IT IS SO ORDERED.

   **Dated:**   **October 22, 2007**              **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE